IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-00066-FL

| | |
|---|---|
| ANTHONY DWAYNE HAMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| BO'S FOOD STORE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court for frivolity review upon Plaintiff's response to an order directing him to particularize his complaint. (DE-4). In the order to particularize, the undersigned informed Plaintiff that the factual allegations set forth in his complaint were exceedingly underdeveloped and did not support his claims of employment discrimination on the basis of race, religion, and sex against his former employer, defendant Bo's Food Store. As such, his complaint was subject to dismissal. Given Plaintiff's pro se status, however, and in an abundance of caution, the undersigned directed Plaintiff to particularize his complaint. Plaintiff has now responded to the order to particularize. For the reasons set forth herein, the undersigned RECOMMENDS the Court dismiss Plaintiff's claims of employment discrimination based on religion and gender but allow his claim for employment discrimination based on race to proceed.

I. **BACKGROUND**

This memorandum and recommendation encompasses the factual and legal background set forth in the earlier order to particularize (DE-3). To reiterate briefly, the

1

complaint alleges that Plaintiff was employed with Bo's Food Store from August 2001 until 2011. Compl. ¶ 5, DE-1. On some unspecified date, Plaintiff underwent surgery, necessitating his absence from work. Compl. ¶ 9. When Plaintiff presented a physician's note excusing his absence to the store manager, Rick Hunt, who is of Indian descent, Hunt "started yelling in [Plaintiff's] face and cussing." *Id.* Plaintiff complained of Hunt's behavior to the assistant general supervisor, Cyndi Mayes. *Id.* Mayes told Plaintiff she would speak to Hunt. *Id.* Plaintiff is no longer employed with Bo's Food Store.

In his response to the order to particularize, Plaintiff explains that he is African American, and that he was terminated from his position as an assistant store manager on October 5, 2011 after a store employee accused him of sexual harassment. Resp. 2-3, DE-4. Plaintiff denies having harassed the employee and asserts that he merely complimented her hairstyle and perfume. When Plaintiff's supervisor, Cyndi Mayes, confronted him about the employee's accusation, Plaintiff told Mayes that the co-worker was lying. *Id.* at 3. Mayes told Plaintiff that although he performed well at his job, she was "going to have to let [him] go because we can't afford another lawsuit." *Id.* Plaintiff states that female employees at the store were very friendly and regularly addressed customers and co-workers using terms of endearment such as "darling" and "honey." *Id.* at 5. Plaintiff further alleges that other store managers "talk using sexual comments" but have retained their positions. *Id.* at 7.

Plaintiff's response also provides more details regarding his interaction with store manager Rick Hunt on July 25, 2011. Plaintiff alleges that Hunt became angry and cursed at him when Plaintiff showed him a physician's note explaining that surgery would require Plaintiff's absence from work for a week. Hunt was particularly upset because Plaintiff's

absence required him to cancel his own vacation plans. Hunt told Plaintiff, "if you can't work, you're fired." Resp. at [8]. Plaintiff immediately contacted Mayes and reported the conversation. Mayes assured Plaintiff that Hunt could not fire him, and that Hunt was "mad because he got his vacation time and [Plaintiff's absence] . . . mess[ed] him up." *Id.* Mayes told Plaintiff she would "give [Hunt] a few days to calm down" and then talk to him. *Id.* Following this incident, Plaintiff contends that his work schedule and Hunt's treatment of him went "downhill." *Id.* at [9]. Plaintiff was discharged approximately two months later.

Plaintiff asserts that, even before his surgery, preferential treatment was given to the other assistant store manager, Charlie, who is Caucasian. *Id.* at 6. For example, Charlie was given greater autonomy in managing the store and more staff during his shifts. In contrast, Hunt found fault whenever Plaintiff operated the store and at times did not schedule sufficient staff to cover a shift, forcing Plaintiff to "struggle throughout the store" to maintain operations. *Id.* at 7. Further, Plaintiff alleges that Charlie yelled at store employees, cursed, and "pitche[d] a tantrum[,] throwing and kicking things when he [got] mad" but was not disciplined. *Id.* at 7. Similarly, Hunt cursed "daily" and used "filthy talk." *Id.* Plaintiff claims that Mayes was aware of Hunt's behavior but took no action. Plaintiff notes that Defendant store hired few African Americans.

Finally, Plaintiff complains that Hunt did not "want [him] to talk about the Lord or mention church while working," a restriction Plaintiff found difficult to follow. *Id.* at [11]. Hunt was responsible for scheduling employee work hours at the store. Plaintiff alleges that Hunt, who does not attend church, scheduled him to work on Sundays "out of spite," causing Plaintiff to miss church functions. *Id.*

Plaintiff asserts Defendant's actions amount to employment discrimination in

violation of Title VII of the Civil Rights Act of 1964. He seeks reinstatement to his former job and recovery of back pay. Compl. ¶ 11, DE-1-1.

## II. STANDARD OF REVIEW

The instant case is before the Court upon frivolity review. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See* White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See* Denton v. Hernandez, 504 U.S. 25, 33 (1992). Absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Id.* at 32. Nevertheless, a plaintiff may not simply present conclusions, but must allege some minimum level of factual support for his claims in order to avoid dismissal. White, 886 F.2d at 724.

## III. DISCUSSION

Plaintiff contends Defendant violated 42 U.S.C. § 2000e-2(a), which provides that it is an unlawful employment practice for an employer

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

4

color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

To establish a *prima facie* case of disparate treatment, Plaintiff must show (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to an adverse employment action, such as termination; and (4) similarly-situated employees outside his class received more favorable treatment. *See* Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981); *see also* Hoyle v. Freightliner, LLC, 650 F.3d 321, 336-37 (4th Cir. 2011).

With regard to Plaintiff's claim of disparate treatment based on religion, the undersigned concludes that Plaintiff has failed to state a claim. Nothing in Plaintiff's complaint or response indicates that he was terminated because of his religion. Instead, Plaintiff merely complains that the store manager, Hunt, asked him not to discuss his religious beliefs in front of customers and store employees, and often scheduled Plaintiff to work Sunday mornings. Plaintiff does not allege that he requested, or that Defendant refused to provide, any accommodation for his religious beliefs. *See* Chalmers v. Tulon Co., 101 F.3d 1012, 1019 (4th Cir. 1996) ("To establish a prima facie religious accommodation claim, a plaintiff must establish that: '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the

5

employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" (citation omitted)). Instead, the facts as alleged indicate that Plaintiff complied with Hunt's instructions and schedule, however grudgingly. Nor does Plaintiff show that he was treated differently because of his religious beliefs. For example, there is no showing here that Plaintiff received harsher treatment than similarly-situated employees of a different religion or no religion. *See id.* at 1017. Because Plaintiff fails to allege any facts indicating that he was subjected to an adverse employment action due to his religion, he fails to state a prima facie case of disparate treatment based on religion. The undersigned therefore RECOMMENDS that Plaintiff's claim of employment discrimination based on religion be DISMISSED.

Similarly, Plaintiff fails to make out a prima facie case of employment discrimination based on sex. Nothing in the facts as alleged indicates that Plaintiff was terminated because of his gender, or that similarly-situated female employees received more favorable treatment. Plaintiff does not claim that he was sexually harassed. Instead, he indicates that he fired after a subordinate accused him of sexual harassment. Plaintiff denies any sexual harassment and asserts that he merely complimented the employee. He states that female employees regularly used terms of endearment such as "darling" and "honey" but were not disciplined, suggesting a double-standard based on gender. However, Plaintiff fails to show that any of these female employees were similarly situated to him. That is, Plaintiff does not indicate that any of these female employees were in managerial positions, or that they had ever been accused of sexual

6

harassment. As such, Plaintiff has not shown that similarly-situated female employees received more favorable treatment. Because Plaintiff does not show that he was terminated because of his gender, the undersigned RECOMMENDS that Plaintiff's claim of employment discrimination based on sex be DISMISSED.

Finally, the undersigned determines that Plaintiff's allegations of employment discrimination based on race, while thin, are nevertheless sufficient to withstand frivolity review. The facts as alleged indicate that Plaintiff is African American and was employed at Defendant store for over ten years before being terminated from his position as an assistant manager. Plaintiff asserts that while employed he was treated less favorably than other managers who are not African American. Specifically, Plaintiff was given less autonomy in managing the store, more difficult shifts, and insufficient staff. Defendant store employed few African Americans. Despite satisfactory job performance, Plaintiff was terminated after a store employee accused him of sexual harassment. Plaintiff vehemently denies such harassment occurred and asserts that other store managers regularly used obscenities, yelled at employees, and made sexual comments without repercussions. Construing these allegations liberally and weighing all facts in Plaintiff's favor, the undersigned concludes that Plaintiff's claim of employment discrimination based on race is neither "wholly irrational" nor "incredible." Denton, 504 U.S. at 33. Accordingly, the undersigned RECOMMENDS that Plaintiff's claim of employment discrimination based on race be allowed to proceed.

IV. **CONCLUSION**

For the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's claims of employment discrimination on the bases of religion and sex be DISMISSED but that Plaintiff's claim of discrimination based on race be ALLOWED to proceed.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 5th day of March, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE