IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:13-CV-66-FL

| | |
|---|---|
| ANTHONY DWAYNE HAMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BO'S FOOD STORE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb (DE 4), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court dismiss plaintiff's claims of employment discrimination based on religion and gender as frivolous, but allow plaintiff's claim for employment discrimination based on race. Plaintiff timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the magistrate judge recommended dismissing the complaint[1] in part for the following reasons. First, the magistrate judge determined that plaintiff's claim regarding disparate treatment based on religion lacked any allegation of adverse employment action, such as a request for religious accommodation that was refused. Second, the M&R concluded that plaintiff's claim of employment discrimination based on sex lacked both an adverse employment action and any similarly situated female employee receiving more favorable treatment. Finally, the magistrate judge determined that plaintiff's allegations of employment discrimination based on race does withstand frivolity review.

Plaintiff's objection gives more detail as to his workplace environment and interaction with his coworkers, but it does not remedy the deficiencies noted in the M&R. Upon *de novo* review, the court finds that such objection provides no basis to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the

---

[1] Plaintiff's complaint refers to the combination of plaintiff's original complaint filed January 28, 2013, and supplemental allegations filed February 25, 2013, in response to the court's order to particularize.

2

magistrate judge in full (DE 5). Plaintiff's complaint is DISMISSED in part, and ALLOWED in part, in accordance with this order.

SO ORDERED this the 12th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge