IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CV-66-FL

| | | |
|---|---|---|
| ANTHONY DWAYNE HAMMONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| BO'S FOOD STORES, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the Court on Defendant's motion to dismiss Plaintiff's complaint. DE-16. Plaintiff has responded, DE-20, and the motion is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3, E.D.N.C., this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is recommended that Defendant's motion be granted and that this case be dismissed.

**I.    BACKGROUND**

Plaintiff Anthony Hammonds filed suit in this Court on 28 January 2013, alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. DE-9.[1] Plaintiff's claims of sex discrimination and religious discrimination were dismissed following frivolity review, though his race discrimination claim survived. DE-8. In support of his allegations, Plaintiff attached to his complaint a copy of a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"), dated 23 May 2012. DE-9-2.

---

[1] Plaintiff initiated this action by filing a motion for leave to proceed *in forma pauperis*, to which plaintiff attached a copy of his proposed complaint (DE-1-1). As directed by the court following its initial frivolity review of the proposed complaint (DE-3), plaintiff filed supplemental allegations (DE-4) further particularizing his claims. Following consideration of plaintiff's supplemental allegations, the court dismissed two of his three claims as frivolous. DE-8. Thereafter, the Clerk combined the initial proposed complaint and the supplemental allegations into one document and filed it at DE-9.

In this letter, the EEOC informed Plaintiff that he was required to file a lawsuit within ninety days of receipt of the letter in order to preserve his claims. *Id.* Plaintiff alleges that he received the letter on 27 October 2012. DE-9 at 5. Defendant has moved to dismiss Plaintiff's complaint, asserting that Plaintiff failed to timely file his suit. DE-16. In Plaintiff's response, he contends that he did not receive the first copy from the EEOC and that he received a duplicate copy after he contacted the office to inquire about his case. DE-20. Plaintiff does not, however, offer any explanation for waiting to file suit until ninety-three days after his alleged receipt of the letter. *Id.*

## II.  DISCUSSION

### A.  Rule 12(b)(6) Standards

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint attacked by a motion to dismiss will survive if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . . unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by

2

attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).[2]

In considering a motion to dismiss, a court may consider documents attached to the complaint (such as an EEOC right-to-sue letter) so long as the documents are integral to the complaint and authentic. *See Secretary of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Moreover, the court need not accept as true allegations that are contradicted by exhibits to the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Typically, potential defenses may not be raised in a Rule 12(b)(6) motion. *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996). But a statute of limitations defense may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint. *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993); *see also* 5B Wright *et al.*, Fed. Prac. and Proc. Civ. § 1357 (3d ed. 2004).

### B. Title VII Limitations Period

Under Title VII, a claimant must file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). If suit is not filed within this ninety-day period, the claimant forfeits the right to pursue his or her claim. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149-50 (1984). The ninety-day period is not jurisdictional—i.e., non-compliance does not serve as an absolute bar to suit—but instead may be subject to equitable tolling in appropriate circumstances.[3] *See Zipes v. Trans World Airlines, Inc.,* 455 U.S.

---

[2] *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[3] For instance, as Defendant acknowledges, courts routinely equitably toll the period between the filing of a petition to proceed *in forma pauperis* and the actual approval and filing of the Complaint. *Yelverton v. Blue Bell, Inc.* 530 F. Supp. 701, 701-02 (E.D.N.C. 1982) (concluding that plaintiff's complaint was not time barred where she filed an application to proceed *in forma pauperis* within the statutory time period). Accordingly, for purposes of the current analysis, the relevant date is that of the filing of the *in forma pauperis* petition, not the Court's filing of the complaint upon approval of Plaintiff's application. *See, e.g.*, *Nobles v. North Carolina*, No. 5:07-CV-381-F(2), 2008 WL 2037417, at *3 (E.D.N.C. 12 May 2008).

385, 398 (1982); *Smith v. Raleigh Dist. of N.C. Conference of United Methodist Church*, 63 F. Supp. 2d 694, 720 (E.D.N.C. 1999) (holding that the 90 day requirement "can be . . . tolled by the court when equity demands").

Nonetheless, a court may apply equitable tolling only "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin*, 466 U.S. at 152. Accordingly, in the Fourth Circuit, equitable tolling is applied only where "'extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time.'" *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).[4] "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

In accordance with these principles, Title VII's ninety day limitations period is strictly enforced: absent a showing that equitable tolling is appropriate, dismissal is warranted even where a litigant has missed the deadline by only a short period. *See, e.g.*, *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir. 1987) (finding that an action filed ninety-one days after the claimant's wife received the mail was untimely and commenting that "the ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay"); *Severino-Todd v. Wal-Mart, Inc.*, No. 5:11-CV-336-BR, 2011 WL 6370483, at *4 n.6 (E.D.N.C. 20 Dec. 2011) ("Furthermore, the fact that plaintiff missed the filing deadline by a relatively short period of time does not justify equitable relief.").

---

[4] Equitable tolling may also apply where a plaintiff was prevented from asserting his or her claims by some wrongful conduct by the defendant. *Id.* There is simply no indication that such a scenario is present here.

4

### C. Plaintiff Failed to Timely File His Lawsuit

Plaintiff alleges that he received the right-to-sue letter on 27 October 2012. DE-9 at 5. "Therefore, for the purposes of the motion to dismiss, the court must take [his] allegation as true and must assume that the actual date of receipt was [as alleged]." *Severino-Todd*, 2011 WL 6370483, at n.2 (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).[5]

Assuming, then, that the ninety day period began to run on October 27, 2012, Plaintiff had until Friday, 25 January 2013 to file suit. He instead initiated this case on 28 January 2013. Accordingly, Plaintiff's suit is untimely unless he can demonstrate that "the equities tip in favor of tolling the applicable statute of limitations." *Horton v. Brownlee*, No. 5:04-CV-610-BO, 2005 WL 3299771, at *3 (E.D.N.C. 27 Apr. 2005), *aff'd,* 142 Fed. Appx. 190 (4th Cir. 2005). Plaintiff has made no argument that the extraordinary remedy of equitable tolling is warranted here. *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008) ("Plaintiff, however, offers nothing in her complaint or in her brief to suggest that she meets this demanding standard [to establish that equitable tolling should apply]."). Nor does the record otherwise establish a basis for equitable tolling.

First, Plaintiff's *pro se* status, in and of itself, does not entitle him to equitable tolling. *Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 720 (W.D. Va. 2009), *aff'd,* 330 Fed. Appx. 39 (4th Cir. 2009). Plaintiff must still diligently pursue his own rights, and he has not done so here. *Chao v. Virginia Dep't of Transp.,* 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not

---

[5] Defendant does not appear to object to treating 27 October 2012 as the date of receipt. DE-17 at 5. When the parties dispute the date of receipt, courts presume receipt three days after mailing by the EEOC. *Ish v. Arlington County Va.,* No. 90-2433, 1990 WL 180127, at *1 (4th Cir. 21 Nov. 1990) (applying Federal Rule of Civil Procedure 6(e)). Other courts within this Circuit have found that where a defendant contests the timeliness of a complaint in a Title VII case, the plaintiff bears the burden of demonstrating that he timely filed his claim after receipt of notice of his right to sue from the EEOC. *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775-76 (W.D. Va. 2007); *Ashby v. Eckerd Pharmacy/Brooks Pharmacy, LLC*, No. 3:05-CV-475, 2007 WL 3224761, at *1 (W.D.N.C. 29 Oct. 2007); *Williams v. Enter. Leasing Co. of Norfolk/Richmond,* 911 F. Supp. 988, 993 (E.D. Va. 1995).

5

appropriate . . . 'where the claimant failed to exercise due diligence in preserving his legal rights.'"). Even if Plaintiff had alleged that he had miscalculated the deadline—which he has not—this mistake would not support equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003); *accord Wiseman v. Amcor Rigid Plastics USA, Inc.*, No. 3:11-24678-CMC-PJG, 2012 WL 1203687, at *1-2 (D.S.C. 8 Feb. 2012) (recommending dismissal), *adopted by* 2012 WL 1203616 (11 Apr. 2012). Finally, as mentioned above, the fact that Plaintiff only just missed the filing deadline does not render tolling appropriate. *See Yarborough v. Burger King Corp.*, 406 F. Supp. 2d 605, 608 (M.D.N.C. 2005) (declining to apply equitable tolling where plaintiffs' Title VII claims were filed two days late); *Douglas v. U.S. Airways Group, Inc.,* No. 3:10cv42, 2011 WL 1769747, at *5 (W.D.N.C. 9 May 2011) (dismissing *pro se* plaintiff's Title VII action where complaint was filed one day late and there was no evidence that the Clerk's office was closed or inaccessible); *cf. United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere [because] statutes of limitation protect important social interests.").

In sum, because Plaintiff's suit was untimely filed, and because no circumstances establish that equitable tolling would be appropriate, dismissal of Plaintiff's complaint is warranted.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss (DE-16) be GRANTED and that this action be DISMISSED in its entirety.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 9 June 2014 to file written objections. Failure

to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 21st day of May 2014.

_____
James E. Gates
United States Magistrate Judge