IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:13-CV-66-FL

| ANTHONY DWAYNE HAMMONDS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BO'S FOOD STORE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein it is recommended that defendant's motion be granted. Plaintiff has filed objections to the M&R, and defendant has responded. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation in the M&R.

### BACKGROUND

The court incorporates herein and supplements the background summary provided in the M&R, where plaintiff did not object to the information provided therein. Plaintiff was allegedly employed by defendant from August of 2001 until October 5, 2011. Plaintiff, who is African American, alleges various forms of misconduct over this timeframe, including being yelled at and cursed by the store manager, Rick Hunt ("Hunt"), after presenting a physician's note explaining a medical absence; being prevented by Hunt from discussing his faith at work; being scheduled to

work on Sundays by Hunt; preferential treatment given to a Caucasian coworker; and being terminated after another store employee accused him of sexual harassment.

Plaintiff commenced this action on January 28, 2013, by filing a motion for leave to proceed *in forma pauperis*, attaching a copy of his proposed complaint. The motion was referred to United States Magistrate Judge William A. Webb, who directed plaintiff to file a new, particularized version of his complaint. Upon consideration of plaintiff's supplemental allegations, the court dismissed his claims for sex discrimination and religious discrimination on frivolity review, but held that his claim for race discrimination would survive. See Hammonds v. Bo's Food Store, No. 7:13-CV-66, 2013 WL 4068169, at *1 (E.D.N.C. Aug. 12, 2013).

Plaintiff's complaint included a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"), dated May 23, 2012, informing plaintiff that he was required to file a lawsuit within ninety (90) days of the letter's receipt to preserve his claims. Plaintiff alleges he received the letter on October 27, 2012. Defendant filed a motion on September 10, 2013, to dismiss plaintiff's claim as untimely. Plaintiff filed response on October 2, 2013. The M&R issued May 21, 2014. Plaintiff filed objection on June 2, 2014, and defendant subsequently responded.

**DISCUSSION**

A.     Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

2

& Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. The court may consider documents attached to the complaint so long as they are integral to the complaint and authentic. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012).

B.  Analysis

A Title VII claimant must file suit within ninety (90) days after receipt of a right-to-sue letter from the EEOC, or else forfeits the right to pursue his or her claim. See 42 U.S.C. § 2000e-5(f)(1); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 (1984). The limitations period has been enforced even when a claimant misses the deadline by only a short period. Harvey v. City of New Bern Police Dep't, 813 F. 2d 652, 654 (4th Cir. 1987) (affirming summary judgment on Title VII claimant who filed suit ninety-one days after receipt of right-to-sue letter). Courts have

3

"sparingly" applied equitable tolling to extend filing times in two general kinds of situations: where the complainant has been induced or tricked into allowing the filing deadline to pass, or when "extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time." Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Plaintiff has alleged that he received the right-to-sue letter on October 27, 2012, which would set a deadline to file by January 25, 2013. However, plaintiff failed to commence his case until January 28, 2013. Finding plaintiff had made no argument that equitable tolling was warranted, and finding nothing else in the record to support applying the doctrine, the M&R recommended dismissal.

Plaintiff's objections allege no additional facts supporting an application of equitable tolling. He alleges that "[i]t is unclear as to what happen[ed] to the letter in question from [the] EEOC office and EEOC was in the process of relocating during a time period;" apparently a reference to why he did not receive the original letter until October 27, 2012. Yet plaintiff does not explain why he waited an additional ninety-three (93) days *after* receiving the letter to file suit. Nor do plaintiff's additional assertions, which essentially argue that his allegations are truthful and that defendant's actions were in the wrong, provide any basis for the court to find that equitable tolling should be applied. Accordingly, plaintiff's claim must be dismissed.

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R, the court

4

ADOPTS the recommendation of the magistrate judge. Defendants' motion to dismiss (DE 16) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 29th day of July, 2014.

LOUISE W. FLANAGAN
United States District Judge